UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

* * * * * * * * * * * * * * * * * *

William E. Hansen,

Plaintiff,

vs.

PRETRIAL ORDER

Arcadia Financial Ltd., a Minnesota corporation,

Defendant.

Civ. No. 00-1972 (JRT/RLE)

* * * * * * * * * * * * * * * * * *

At Duluth, in the District of Minnesota, this 17th day of November, 2000.

* * *

Pursuant to Pretrial Conference convened on November 14, 2000, and in accordance with provisions of Rule 16, Federal Rules of Civil Procedure, to administer the course of this litigation in a manner which promotes the interests of justice, economy and judicial efficiency, it is --

ORDERED:

I.

That discovery in this litigation will be conducted in two phases. The first phase will involve discovery into the merits of the named Plaintiff's claim and issues relating to a decision on class certification ("Phase I"). The period during which the parties may conduct discovery on the merits of the named

NOV 17 2000
CLERK

Plaintiff's claim and on class certification issues shall terminate on **May 31, 2001**. Disputes with regard to such discovery shall be called immediately to the Court's attention by the making of an appropriate Motion, and shall not be relied upon by any party as a justification for not adhering to this Pretrial Schedule. No further or additional discovery on Phase I issues shall be permitted after the above date except by leave of the Court for good cause shown, and agreements between counsel which contravene the provisions of this Schedule will not be recognized. However, upon agreement of counsel, or with leave of the Court, depositions in lieu of in-Court testimony may be taken after the close of discovery.

II.

That all Motions which seek to amend the pleadings or add parties must be filed and the Hearing thereon completed on or before **March 30, 2001**.

III.

That all other nondispositive Motions relating to Phase I issues shall be filed and the Hearing thereon completed prior to **June 29, 2001**, by calling Victoria L. Miller, Calendar Clerk for Magistrate Judge Raymond L. Erickson. All nondispositive Motions shall be scheduled, filed and served in compliance with Local Rule 7.1(a). No discovery Motion shall be heard unless the moving party

files with the Motion the statement required by Local Rule 37.1 and complies with the requirements of Local Rule 37.2.

IV.

That no more than **25** Interrogatories (counted in accordance with Rule 33(a), Federal Rules of Civil Procedure), shall be served by any party during Phase I.

V.

That no more than **five (5)** depositions (excluding expert depositions) shall be taken by any party during Phase I without prior Order of the Court.

VI.

That within the foregoing period allotted for discovery on Phase I issues, but no later than the dates set forth below, the parties shall retain and disclose to opposing counsel all persons they intend to call as expert witnesses at trial on any Phase I issue, and all persons they intend to present as expert witnesses on the issue of class certification. Each party's disclosure shall identify each such expert and state the subject matter on which the expert is expected to testify. The disclosure shall be accompanied by a written report prepared and signed by the witness. As required by Rule 26(a)(2)(B), Federal Rules of Civil Procedure, the report shall contain:

a. The qualifications of the witness,

including a list of all publications authored by the witness within the preceding 10 years;

b. The compensation to be paid for the study and testimony;

c. A listing of any other cases in which the witness has testified as an expert at trial or by deposition within the preceding four years;

d. A complete statement of all opinions to be expressed and the basis and reasons therefor;

e. The data or other information considered by the witness in forming the opinions; and

f. Any exhibits to be used as a summary of or support for the opinions.

The Plaintiff's disclosures shall be made on or before **April 2, 2001.** The Defendant's disclosures shall be made on or before **May 1, 2001.**

VII.

That the parties **do** contemplate taking expert depositions.

VIII.

That each party shall fully supplement all discovery responses according to the Federal Rules of Civil Procedure. Any evidence responsive to a discovery request which has not been disclosed on or before that date, except for good cause shown, shall be excluded from evidence at trial.

IX.

That all Motions relating to class certification shall be

fully briefed and the complete set of motion papers filed with the Clerk of Court on or before **August 31, 2001.** The Court will then contact the parties to schedule a Hearing. All dispositive Motions shall be scheduled, filed and served in compliance with Local Rule 7.1(b).

X.

That counsel for the parties shall notify Magistrate Judge Raymond L. Erickson after the Court has decided the issue of class certification. At that time, the Court will hold another pretrial conference in order to set deadlines for the second phase of the litigation ("Phase II"), which shall include a period for additional discovery on classwide issues (in the event a class is certified), a deadline for dispositive motions, and a ready for trial date.

BY THE COURT:

Raymond L. Erickson
UNITED STATES MAGISTRATE JUDGE